EXHIBIT A

| | DATE FILED: October 3, 2023 4:37 PM |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY<br>STATE OF COLORADO<br>Court Address:  109 8th Street<br>            Glenwood Springs, CO  81601 | FILING ID: B8A0325E8D179<br>CASE NUMBER: 2023CV30149 |
| **Plaintiffs:**<br>ALIZHON PRASOLOV AND ALP TRANSPORTATION, LLC<br><br>**Defendants:**<br>KARLA KUHNEL AND LINCOLN TRUCKING LIGHTNING DIVISION, INC. | ▲  COURT USE ONLY  ▲ |
| Attorneys for Plaintiffs:<br>    PRIBILA & FIELDS, PC<br>    Bethany A. Pribila, #35221<br>    Timothy L. Fields, #40037<br>Address:  18 E. Monument Street<br>    Colorado Springs, CO  80903<br>Phone Number: (719) 473-1238<br>Fax Number:    (719) 473-2542<br>Email:    bpribila@pribila.com<br>    tfields@pribila.com | Case Number: 2023CV_____<br><br>Div.: _____ |

## COMPLAINT

COME NOW the Plaintiffs, Alizhon Prasolov and ALP Transportation, LLC, by and through their attorneys, PRIBILA & FIELDS, PC, and for a Complaint against the Defendants, Karla Kuhnel and Lincoln Trucking Lighting Division, Inc., state, allege, and aver as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Alizhon Prasolov, was at the time of the trucking collision a resident of the County of Teller, State of Colorado.

2. Plaintiff, ALP Transportation, LLC, is a limited liability company with its principal office in Woodland Park, Colorado.

3. Upon information and belief, Defendant, Karla Kuhnel, was at all times pertinent hereto a resident of the County of Polk, State of Nebraska.

EXHIBIT A

4. Defendant, Lincoln Trucking Lightning Division, Inc., (hereinafter "Lincoln"), is a corporation with its principal office at 5950 Arbor Road, Lincoln, NE 68517. It can be served through its registered agent for service of process, Nancy L. Loftis, 5533 S. 27th Street, Suite 203, Lincoln, NE 68512.

5. Venue is proper in Garfield County, Colorado as the tort occurred there.

6. On or about October 25, 2020, Plaintiff, Alizhon Prasolov, was driving his vehicle in a westbound direction on I-70 in Garfield County, City of Silt, State of Colorado.

7. Plaintiff, Alizhon Prasolov, was driving his vehicle in a lawful and careful manner at said time and place.

8. Defendant, Karla Kuhnel, on or about October 25, 2020, was driving a truck in a westbound direction on I-70 Westbound in Garfield County, City of Silt, State of Colorado; and said Defendant was driving her employer's truck in an unlawful, reckless, negligent manner and caused her vehicle to strike the rear-end of Plaintiff, ALP Transportation, LLC's trailer.

## FIRST CAUSE OF ACTION - NEGLIGENCE

9. Plaintiff hereby incorporates paragraphs one through eight as though fully set forth herein.

10. The trucking collision as aforesaid was the sole and proximate result of Defendant, Karla Kuhnel's reckless, negligent, careless, and unlawful operation of a motor vehicle.

11. As a result of the trucking collision as aforesaid, Plaintiff, Alizhon Prasolov, did sustain multiple injuries, including but not limited to low back pain, and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of his injuries.

12. Plaintiff, Alizhon Prasolov, as a result of the trucking collision as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature, has endured pain and suffering and loss of enjoyment of life.

13. Plaintiff, Alizhon Prasolov, as a result of the trucking collision as aforesaid, has been rendered unable to attend to his usual occupation and duties, and will be similarly caused to be unable to attend to them in the future; he and/or ALP Transportation, LLC have lost income as a result of his injuries and will continue to lose income in the future because of his injuries.

14. The trucking collision as aforesaid was the sole and proximate result of Defendant, Karla Kuhnel's reckless, careless, negligent, and unlawful operation of a motor vehicle, and Plaintiff was without negligence on his part contributing to said automobile accident.

WHEREFORE, Plaintiffs, Alizhon Prasolov and ALP Transportation, LLC, pray for Judgment against the Defendant, Karla Kuhnel, in an amount to be determined at trial, plus costs, interest from October 25, 2020, and such other and further relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION – NEGLIGENCE *PER SE*

15. Plaintiff hereby incorporates paragraphs one through fourteen as though fully set forth herein.

16. At the time of the incident, C.R.S. §§ 42-4-1402 and 42-4-1008 were in effect.

17. C.R.S. § 42-4-1402 states, in part, as follows: "A person who drives a motor vehicle…in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving."

18. C.R.S. § 42-4-1008 states, in part, as follows: "Following Too Closely. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

19. Defendant, Karla Kuhnel, violated C.R.S. §§ 42-4-1402 and 42-4-1008. Upon information and belief, Defendant, Karla Kuhnel, specifically violated C.R.S. § 42-4-1008 by following Plaintiff's vehicle too closely given the traffic and conditions just before the collision as a result she could not stop in time and struck the rear of Plaintiff's vehicle. Defendant, Karla Kuhnel, specifically violated C.R.S. § 42-4-1402 by not keeping a proper lookout for other traffic, not timely applying her brakes, driving too fast for the conditions, following too closely, allowing herself to be distracted while driving and not stopping her vehicle before she impacted the rear of Plaintiff's vehicle. These specific acts were careless and imprudent on Defendant's part and caused the collision with the rear of Plaintiff's vehicle.

20. A violation of C.R.S. §§ 42-4-1402 and 42-4-1008 constitutes negligence *per se*. Also, Colorado law provides a presumption of negligence for a driver who strikes the vehicle ahead of her.

21. As a result of Defendant, Karla Kuhnel's negligence *per se* as aforesaid, Plaintiff, Alizhon Prasolov, did sustain multiple injuries, including but not limited to low back pain, and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of his injuries.

22. Plaintiff, Alizhon Prasolov, as a result of Defendant, Karla Kuhnel's negligence *per se* as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature, has endured pain and suffering and loss of enjoyment of life.

3

23. Plaintiff, Alizhon Prasolov, as a result of the trucking collision as aforesaid and negligence *per se* of Defendant, has been rendered unable to attend to his usual occupation and duties, and will be similarly caused to be unable to attend to them in the future; he and/or ALP Transportation, LLC have lost income as a result of his injuries and will continue to lose income in the future because of his injuries.

24. The automobile accident as aforesaid was the sole and proximate result of Defendant, Karla Kuhnel's reckless, careless, negligent and unlawful operation of a motor vehicle, and Plaintiff was without negligence on his part contributing to said automobile accident.

WHEREFORE, Plaintiffs, Alizhon Prasolov and ALP Transportation, LLC, pray for Judgment against the Defendant, Karla Kuhnel, in an amount to be determined at trial, plus costs, interest from October 25, 2020, and such other and further relief as the Court deems just and equitable.

### THIRD CAUSE OF ACTION - DEFENDANT LINCOLN TRUCKING LIGHTING DIVISION, INC. - RESPONDEAT SUPERIOR – JOINT AND VICARIOUS LIABILITY

25. Plaintiff hereby incorporates paragraphs one through twenty-four as though fully set forth herein.

26. On the date of the first collision, and at all times otherwise relevant to this Complaint, Defendant Lincoln was a corporation engaged in lawful business in the State of Colorado.

27. On October 25, 2020, and at all times material hereto, Defendant Lincoln employed Defendant Kuhnel to act as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

28. Defendant Lincoln is the registered owner of the 2020 Freightliner tractor and trailer involved in the collision on October 25, 2020.

29. Upon information and belief, Defendant Kuhnel was duly authorized to operate Defendant Lincoln's 2020 tractor and trailer on October 25, 2020, in order to carry out her employment related duties on behalf of Defendant Lincoln.

30. Defendant Lincoln directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Kuhnel was acting within the course and scope of her employment with Defendant Lincoln, at the time of the collision which is the subject matter of this complaint.

31. Therefore, on October 25, 2020, Defendant Lincoln was acting within the course and scope of her authority as an agent or employee of Defendant Lincoln.

32. As Defendant Lincoln's agent, apparent agent, servant, joint venturer, or employee, Defendant Kuhnel was negligent in the operation of the 2020 Freightliner tractor and trailer, causing the collision.

33. As a direct and proximate result of the collision, Plaintiffs suffered injuries, damages and losses.

34. As a direct and proximate result of Defendant Kuhnel's negligent operation of Defendant Lincoln's 2020 Freightliner tractor and trailer, Plaintiffs have suffered injuries, damages, and losses as set forth, supra.

35. Plaintiff have incurred past and future medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

36. Plaintiff has suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of consortium, disabilities, mental anguish, physical impairments, and impairment to quality of life.

37. Defendant Lincoln in its capacity of principal, master, joint venturer, or employer is vicariously responsible and therefore liable, under respondeat superior, for the negligent acts of Defendant Kuhnel.

WHEREFORE, Plaintiffs, Alizhon Prasolov and ALP Transportation, LLC, pray for Judgment against the Defendant, Lincoln Trucking Lightning Division, Inc., in an amount to be determined at trial, plus costs, interest from October 25, 2020, and such other and further relief as the Court deems just and equitable.

Respectfully submitted this 3rd day of October, 2023.

*A duly signed original is on file at the
office of Pribila & Fields, PC*


   */s/ Timothy L. Fields*
Timothy L. Fields, #40037
Bethany A. Pribila, #35221
PRIBILA & FIELDS, PC

**EXHIBIT A**

**ADDRESS OF PLAINTIFFS**

Alizhon Praslov
3757 Burbridge Court
Spring Hill, FL 34609-1789

Alp Transportation, LLC
1002 Rolling Park Drive
Woodland Park, CO 80863

6